ROBERT L. BLAND, Judge,
dissenting.
It is regrettable that I find myself at variance with my colleagues in respect to the award which they have made in this case. Such award, in my judgment, cannot be sustained or" upheld on the ground of a moral obligation on the part of the state to pay it, since it is in direct conflict with and in total disregard of two express statutory enactments.
Claimant, the Raleigh County Bank, owns its banking house in the city of Beckley, West Virginia and also other real estate. From 1939 to 1943, inclusive, it received rents from said banking house building, aggregating $74,847.17. For said years it made regular reports of the receipt of such rentals to the state tax commissioner, and voluntarily paid what is generally known as gross sales tax on account of said rental receipts.
By virtue of chapter 11, article 13, section 3 of the code of West Virginia, the banking house or buildieg in which claimants business is conducted' is exempt from the payment of business or occupational tax. Apparently claimant *45 was not aware of this fact until the latter part of the year of 1946.
In this proceeding claimant seeks an award covering what it conceives to have been erroneous gross sales taxes, paid by it to the state tax commissioner; not only on account of the banking building itself but also on other real estate owned by the institution.
By virtue of chapter II, article 1, section 2(a) of the code of West Virginia, it is provided as follows:
“On and after the effective date of this section, any taxpayer claiming to be aggrieved through being required to pay any tax into the treasury of this state, may, within two years from the date of such payment, and not after, file with the official or department through which the tax was paid, a petition in writing to have refunded to him any such tax, or any part thereof, the payment whereof is claimed by him to have been required unlawfully ; and if, on such petition, and the proofs filed in support thereof, the official collecting the same shall be of the opinion that the payment of the tax collected, or any part thereof was improperly required, he shall refund the same to the taxpayer by the issuance of his or its requisition on the treasurer; and the auditor shall issue his warrant on the treasurer therefor, payable to the taxpayer entitled to the refund, and the treasurer shall pay such warrant out of the fund into which the amount so refunded was originally paid: Provided, however, That no refund shall be made, at any time, on any claim involving the assessed valuation or appraisement of property which was fixed at the time the tax was originally paid.”
It will thus be observed that unless application is made to the state tax commissioner within two years from the date of the payment of the gross sales tax to him, he is precluded from making any refund for such taxes.
Upon the hearing of the claim it was made to appear that proper application for a refund for the years 1944- *46 1945-3 94G has been made to the state tax commissioner, and it is shown that checks covering refunds for such period of three years will be released to claimant on the twenty-fifth day of May, 1947.
Claimant is now seeking to recover refunds for the years 1939 to 1943 inclusive, anil the award above made embraces said periods.
Chapter 14, article 2, section 21, being the act creating the court of claims, provides as follows:
“The court shall not take jurisdiction over a claim unless the claim is filed within five years after the claim might have been presented to such court. If, however, the claimant was for any reason disabled from maintaining the claim, the jurisdiction of the court shall continue for two years after the removal of the disability. With respect to a claim arising prior to the adoption of this article, the limitation of this section shall run from the effective date of this article: Provided, however, That no such claim as shall have arisen prior to the effective date of this article shall be barred by any limitation of time imposed by any other statutory provision if the claimant shall prove to the satisfaction of the court that he has been prevented or restricted from presenting or prosecuting such claim for good cause, or by any other statutory restriction or limitation.”
The award made by majority members of the court includes refunds for the years 3939, 1940, 1941, 1942 and 1943.
In claim No. 542, Gons v. Board of Control, we held the effective date of the court to be July 14, 1941.
The Legislature itself has seen fit to fix a time beyond which this-court is without power or jurisdiction to make an award.
By virtue of Lhe two-year period of the statute of limitations, first above cited, and by virtue of the statute of limitations contained in the court act, a refund could not, *47 in my judgment, be lawfully made, either by the state tax commissioner or this court, to claimant for the years for which the award in this case has been made, it having been clearly shown that no application was made to the state tax commissioner for refund until December, 1946.
How, therefore, can it be said that there is a moral obligation on the part of the state to make refund to the claimant for the periods excluded by the two statutes of limitations? It may be said in passing, that it is generally understood that voluntary payments of taxes may not be recovered back; however, in view of the purpose of the court act, in a proper case where the claim is shown to be meritorious, I should say that this court would recommend such payment.
In my judgment the above award creates a dangerous precedent. It cannot be helpful to the state tax commissioner, and it is in excess of our jurisdiction.
MERRIMAN S. SMITH, Judge, upon petition for rehearing.
Where a gross sales tax is paid voluntarily and without filing any protest since there was no question as to the validity of the exemption and such tax was improperly accepted by the state tax commissioner there is a moral obligation imposed upon the state to refund the amount not barred by the state court of claims statute of limitations.
Ashworth & Sanders (Carl G. Sanders) for the claimant.
W. Bryan Spillers, Assistant Attorney General, for the state.
MERRIMAN S. SMITH, Judge.
At the April 1947 term of the court of claims the above styled claim was heard and an award was made in the sum of $737.88 for the refund of gross sales tax for the years *48 1939 to 1943 inclusive. Upon motion by the state a rehearing was granted by the court.
It is provided under Michie’s code section 961 (p. 395), Offiicial code chapter 11, article 13, section 3, Exemptions; Non-Exempt Business. — “. . . (b) Persons engaged in the business of banking: Provided, however, That such exemption shall not extend to that part of the gross income of such persons which is received for the use of real property owned, other than the banking house or building in which the business of the bank is transacted, whether such income be in the form of rentals or royalties; . . .”
For the years 1939 to 1943 inclusive the claimant paid to the state tax commissioner gross sales tax on all rents derived from its bank building and all other property and is now seeking a refund on the taxes paid upon the rents from the banking building.
It is the opinion of the majority of the court that since the claimant made these payments voluntarily and without filing any protest and without an audit being made by the state tax department, and since the statute of limitations imposed upon the court of claims would only include the years 1941, 1942 and 1943 and the payments for 1939 and 1940 would be barred by the statute of limitations, that this is a moral obligation and that refund should be made of the amount paid for the respective years as follows:
1941 $156.48
1942 143.90
1943 172.45
making a total refund for the three year period of four hundred seventy-two dollars and eighty-three cents ($472.83), which amount is hereby awarded to claimant The Raleigh County Bank, Beckley, West Virginia.